CONCURRING IN PART AND IN THE JUDGMENT
BERNICE BOUIE DONALD,
concurring.
I agree with the majority’s decision to uphold the conviction based on the memory card and so concur in the judgment. However, I respectfully disagree with the majority’s conclusion that the Thai hard drive does not support a conviction.
Importantly, a person is liable if the visual depiction of sexual abuse is “transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer ...” 18 U.S.C. § 2251(a) (emphasis added). In its brief, the government asserted — and Lively did not refute — that Norwood-Charlier (the owner of the hard drive) shared videos of sexual acts involving children with Lively and Quackenbush. Appellee Br. 4-5. It would have been eminently reasonable for the jury to conclude that the videos of Lively abusing the child that led to his conviction were among the material shared.
Assuming that Norwood-Charlier ever viewed the image on his computer screen or shared it, that image was “transmitted” using the Thai hard drive in two ways. First, in order to view an image on a computer screen that is stored on a hard drive, the hard drive must transmit the stored image through a video or graphics adapter and then through a cable that connects to the monitor. See http://www. technologyuk.net/computing/computer-systems/displayadapter.shtml. Merriam- *568 Webster Online’s definition for transmit is “to send or convey from one person or place to another.” http://www.merriam-webster.com/dictionary/transmit. We could then say that the hard drive was used to convey the picture taken from the camera (one place) to the computer screen (a second place). Second, if Norwood-Charlier ever sent out a video of Lively abusing the minor with his computer, it follows that he would have used the hard drive to work in conjunction with his computer’s other components to transmit the video through the internet.
Therefore, the Thai hard drive could support a conviction. For that reason, I cannot join the portion of the majority opinion holding otherwise.